```
 1                    UNITED STATES OF AMERICA

 2                  CENTRAL DISTRICT OF CALIFORNIA

 3          THE HONORABLE MANUEL L. REAL, JUDGE PRESIDING

 4

 5                                      CERTIFIED TRANSCRIPT

 6  GERALD HOFFARTH, ET AL.,    )
                                )
 7                  Plaintiffs, )
                                )
 8              vs.             )   NO. SACV-11-336-R
                                )
 9  DIVERSIFIED LENDING GROUP,  )   MOTIONS HEARING
    INC. ETC.,                  )
10                              )
                    Defendants. )
11

12

13
              REPORTER'S TRANSCRIPT OF PROCEEDINGS
14
                    MONDAY, AUGUST 22, 2011
15

16

17

18  APPEARANCES:

19  (See Next Page)

20

21

22

23

24  Reported By:
    WALTER R. LEDGE, CCR #B-1875
25  U.S. PANEL COURT REPORTER
```

Walter R. Ledge, Court Reporter

```
 1  APPEARANCES:

 2  FOR THE PLAINTIFFS:     THE LAW FIRM OF LON B. ISAACSON
                            BY:  LON B. ISAACSON, Esq.
 3                               CHRISTOPHER C. CIANCI, Esq.
                            3435 Wilshire Boulevard
 4                          Suite 2910
                            Los Angeles, California 90010-2015
 5                          (213)  487-7200

 6

 7                          THEO SLATER, Esq.
                            10800 Otsego Street
 8                          North Hollywood, California
                            (510) 809-5558
 9

10

11  FOR THE DEFENDANT:      DRINKER BIDDLE & REATH LLP
                            BY:  MICHAEL J. STORTZ, Esq.
12                          50 Fremont Street
                            20th Floor
13                          San Francisco, California 94105-2235
                            (415) 591-7583
14

15

16

17

18

19

20

21

22

23

24

25
```

Walter R. Ledge, Court Reporter

```
 1    LOS ANGELES, CALIF.; MONDAY, AUGUST 22, 2011; 10:34 A.M.
 2                           --oOo--
 3           THE CLERK:  Calling Item No. 7, SACV-11-336-R,
 4  GERALD HOFFARTH, et al. versus DIVERSIFIED LENDING GROUP,
 5  INC., ETC.
 6           Counsel, please state your appearances.
 7           MR. CIANCI:  Good morning, Your Honor; counsel
 8  Christopher Cianci for plaintiffs Gerald Hoffarth, et al.
 9           MR. SLATER:  Good morning, Your Honor; counsel
10  Theodore Slater for plaintiffs.
11           MR. STORTZ:  Good morning, Your Honor; Michael
12  Stortz for defendant Jackson National.
13           THE COURT:  Do counsel have anything to add to the
14  documents which have been filed?
15           MR. CIANCI:  I would just like to briefly respond
16  to defendant Jackson National's reply, their opposition.
17           Essentially, in their reply they react to the
18  allegation that was heard on prior rulings in this Court,
19  mainly the representations made in the collateral
20  assignments of Jackson National, which includes the not-
21  more-than language.
22           However, what is not addressed either in the
23  motion or the reply is the crucial obligation that they,
24  defendant, sent at least three known cease-and-desist
25  letters to D.L.G.  But during that time they still issued
```

1  collateral assignments profiting approximately 5 million
2  in commissions or fees received after those letters were
3  sent out.
4           That indicates to us that there's clear
5  knowledge on their part of certain wrong-doings of
6  D.L.G., and knowing that, they still issued collateral
7  assignments.
8           I would also ask Your Honor that we are going to
9  make a motion to seeking leave to amend our First Amended
10 Complaint, the Second Amended Complaint that plaintiff had
11 recently passed away.  And there are other allegations that
12 we would like to add.
13          If the Court does rule that plaintiffs have not
14 met the TWOMBLY standard and does grant the Motion to
15 Dismiss, we would like leave to amend to add further
16 allegations.
17          There are particular allegations of other
18 misrepresentations that were made by Jackson, employees of
19 Jackson, to plaintiff investors who did call in to Jackson
20 National.
21          And so there are further particular allegations
22 that we would like to add in response to the Motion to
23 Dismiss.  Thank you.
24          MR. STORTZ:  I have nothing to add, Your Honor.
25          THE COURT:  As stated in FORSYTH VERSUS HUMANA,

INC. 114 Fed.3d 1467, Ninth Circuit, 1997, "to state a claim under RICO, 18 U.S.C. Section 1962(c), a plaintiff must demonstrate:

"One, the conduct;

"Two, of an enterprise;

"Three, through a pattern;

"Four, of racketeering activity."

Pursuant to Section 1961(c), "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

As the Supreme Court stated in UNITED STATES VERSUS TURKETTE, 4562 U.S. 576, 1981, an associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct."

Interpreting and relying on TURKETTE, the Ninth Circuit held in ODOM VERSUS MICROSOFT CORPORATION, 486 Fed.3d 541, Ninth Circuit 2007, that the criteria for an associated-in-fact enterprise are, 1, a common purpose, 2, an ongoing organization, and, 3, a continuing unit.

And in BOYLE VERSUS UNITED STATES, 129 Supreme Court 2237, 2009, the Supreme Court clarified that an associated-in-fact enterprise requires "interpersonal

1 relationships and a common interest."
2 　　　　Here, the RICO claims fail because there is
3 absolutely no allegation of a common purpose between any
4 entity or individual other than between D.L.G. and
5 Friedman.  Rather, the alleged facts clearly plead
6 uncommon purposes.
7 　　　　The First Amended Complaint pleads that D.L.G.
8 and Friedman had the purpose of defrauding investors.
9 And Jackson had the purpose of selling insurance and
10 annuities but had the misfortune of having this innocent
11 purpose and business co-opted by a Ponzi schemer.
12 　　　　Accordingly, the RICO claim is dismissed with
13 respect to Jackson and all other defendants except for
14 D.L.G. and Friedman for failure to plead an associated-
15 in-fact enterprise.
16 　　　　Further, pursuant to this Court's Order in SEC
17 VERSUS DIVERSIFIED LENDING GROUP, INC., ET AL.,
18 CV-09-1533-R from March 4, 2009, plaintiffs are barred
19 from pursuing any claims against D.L.G. and Friedman
20 during the pendency of the receivership established in
21 that case.
22 　　　　As such, plaintiffs may not maintain any of
23 their claims against D.L.G. and Friedman.  The RICO claim
24 is therefore dismissed in its entirety.
25 　　　　Plaintiffs claimed this Court's jurisdiction

```
 1  based entirely on their RICO claim over which this Court
 2  had original jurisdiction.  Plaintiffs claimed that
 3  supplemental jurisdiction over all their other claims
 4  stemmed from the RICO claim.
 5            As such, now that the only claim over which
 6  this Court had original jurisdiction has been dismissed,
 7  pursuant to CARLSBAD TECHNOLOGY, INC. VERSUS H.I.F. BIO,
 8  INC., 129 Supreme Court 1862, 2009, this Court may
 9  exercise its discretion to retain jurisdiction over the
10  remaining state law claims or dismiss the claims without
11  prejudice.
12            As stated in HARRELL VERSUS 29TH CENTURY
13  INSURANCE COMPANY, 934 Fed.2d 203, Ninth Circuit 1991, it
14  is generally preferable for a district court to not
15  exercise supplemental jurisdiction over pendent state law
16  claims once federal claims have been dismissed.
17            This Court agrees.  Accordingly, all of
18  plaintiffs remaining state law claims are dismissed for
19  lack of subject matter jurisdiction without prejudice.
20            Defendants are to submit an order.
21            MR. CIANCI:  Thank you, Your Honor.
22            MR. STORTZ:  Thank you, Your Honor.
23            MR. SLATER:  Thank you, Your Honor.
24            (The proceeding concluded at 10:41 A.M.)
25            (Reporter's Certificate follows on next page.)
```

Walter R. Ledge, Court Reporter

```
 1                            --oOo--
 2  I hereby certify that pursuant to Section 753, Title 28,
 3  United States Code, the foregoing is a true and correct
 4  transcript of the stenographically reported proceedings held
 5  in the above-entitled matter and that the transcript page
 6  format is in conformance with the regulations of the
 7  Judicial Conference of the United States.
 8
 9  Date:  August 25, 2011:  __/s/__Walter R. Ledge_____
10                                 Walter R. Ledge
                                   U.S. Panel Court Reporter
11                                 Certified Court Reporter B-1875
                                   (909) 673-7678
12                                 3244 Pony Drive
                                   Ontario, CA 91761-5064
13                                 wledge@msn.com
14
15
16
17
18
19
20
21
22
23
24
25
```

Walter R. Ledge, Court Reporter