JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HOFFARTH, an individual, *et al.*,<br><br>             Plaintiffs,<br><br>v.<br><br>DIVERSIFIED LENDING GROUP, INC., a California corporation, et al.,<br><br>             Defendants. | Case No. SACV11-00336-R(RZX)<br><br>**ORDER DISMISSING PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:      August 15, 2011<br>Time:     10:00 a.m.<br>Dept.     8<br>Judge:    Hon. Manuel L. Real<br>Trial Date: None Set |

On Monday, August 22, 2011, at 10:00 a.m., the Motion of Defendant Jackson National Life Insurance Company ("Jackson") to Dismiss Plaintiffs' First Amended Complaint (the "Motion") came regularly for hearing in the above-entitled Court.  The Motion requested dismissal of all of the claims asserted against Jackson in Plaintiffs' First Amended Complaint (the "Complaint"), including the following causes of action: fraud (Claim 1); negligent misrepresentation, and aiding and abetting negligent misrepresentation(Claim 2); negligence (Claim 3); aiding and abetting fraud (Claim 4); breach of fiduciary duty, and aiding and abetting breach of fiduciary duty (Claim 5); breach of the insurance guarantee contract (Claim 6); violation of Cal. Corp. Code § 25110 (Claim 7); violation of Cal. Corp. Code § 25401 (Claim 8); holder's action (Claim 9); aiding and abetting violation of Cal. Bus. & Prof. Code § 17200 *et seq*. (Claim 10); aiding and abetting conversion (Claim 11); financial elder abuse(Claim 12); violation of Cal. Corp. Code § 25503 (Claim 14); violations of RICO, 18 U.S.C. § 1962(c) (Claim 13); and unjust enrichment (Claim 15).

Having considered the papers in support of and in opposition to the Motion and all other matters presented to the Court, the Court concludes that the Motion should be granted in part for the following reasons:

1. The Complaint fails to state a RICO claim because the allegations are insufficient to show or permit a reasonable inference of an "association in fact enterprise."  *See Boyle v. U.S.*, 129 S. Ct. 2237 (2009*); U.S. v. Turkette*, 452 U.S. 576 (1981); *Odom v. Microsoft Corp*., 486 F.3d 541 (9th Cir. 2007).  Among other things, the facts alleged fail to show or permit a reasonable inference that there was a common purpose between any entity or individual other than between Diversified Lending Group ("DLG") and Bruce Friedman ("Friedman").  Indeed, the facts alleged in the Complaint show that DLG and Friedman did not share a common purpose with Jackson, and that DLG had the purpose of defrauding investors, whereas Jackson had the purpose of selling insurance and annuities and simply had

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER DISMISSING PLAINTIFFS' FIRST
AMENDED COMPLAINT
- 2 -
CASE NO. SACV11-00336-R-RZX

1   the misfortune of having this innocent purpose and business co-opted by a Ponzi

2   schemer.  Accordingly, the RICO claim is dismissed as to Jackson and all other

3   defendants, except for DLG and Friedman, for failure to plead an "associated-in-

4   fact enterprise."

5        2.      Because actions against DLG and Friedman are stayed pursuant to this

6   Court's March 10, 2009 Order in *Securities Exchange Commission v. Diversified*

7   *Lending Group, Inc., et al*., CV-09-1533-R (C.D. Cal.), Plaintiffs are barred from

8   pursuing any claims against DLG and Friedman during the pendency of the

9   receivership established in that case.  Accordingly, Plaintiffs may not maintain any

10  of their claims against DLG and Friedman.  The RICO claim is therefore dismissed

11  in its entirety.

12       3.      Plaintiffs assert jurisdiction in this case based on federal question

13  jurisdiction arising out of the RICO claim and supplemental jurisdiction as to their

14  other claims.  As a result of the dismissal of the RICO claim, this Court has

15  discretion to retain jurisdiction over the remaining state law claims or to dismiss the

16  claims without prejudice.  *See Carlsbad Technology, Inc. v. H.I.F. Bio, Inc*., 129

17  Sup. Ct. 1862 (2009).  It is generally preferable for a district court to not exercise

18  supplemental jurisdiction over pendent state law claims once federal claims have

19  been dismissed.  *See Harrell v. 29th Century Insurance Company*, 934 Fed.2d 203

20  (9th Cir. 1991).  Pursuant to its discretion, this Court declines to exercise

21  jurisdiction over the remaining state law claims and dismisses those claims without

22  prejudice.

23       IT IS HEREBY ORDERED THAT Jackson's Motion is GRANTED in part;

24       IT IS HEREBY FURTHER ORDERED THAT the RICO claim (Claim 13)

25  is dismissed with prejudice as to Jackson and all other defendants except DLG and

26  Friedman, and dismissed as to DLG and Friedman without prejudice but barred

27  pursuant to the Court's March 10, 2009 Order in *Securities Exchange Commission*

28  *v. Diversified Lending Group, Inc., et al*., CV-09-1533-R (C.D. Cal.);

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER DISMISSING PLAINTIFFS' FIRST
AMENDED COMPLAINT
                        - 3 -                    CASE NO. SACV11-00336-R-RZX

1    IT IS HEREBY FURTHER ORDERED THAT all remaining claims under

2    state law are dismissed without prejudice based on the Court's decision not to

3    exercise jurisdiction over these claims, including specifically the following: fraud

4    (Claim 1); negligent misrepresentation, and aiding and abetting negligent

5    misrepresentation(Claim 2); negligence (Claim 3); aiding and abetting fraud (Claim

6    4); breach of fiduciary duty, and aiding and abetting breach of fiduciary duty

7    (Claim 5); breach of the insurance guarantee contract (Claim 6); violation of Cal.

8    Corp. Code § 25110 (Claim 7); violation of Cal. Corp. Code § 25401 (Claim 8);

9    holder's action (Claim 9); aiding and abetting violation of Cal. Bus. & Prof. Code §

10   17200 *et seq*. (Claim 10); aiding and abetting conversion (Claim 11); financial elder

11   abuse(Claim 12); violation of Cal. Corp. Code § 25503 (Claim 14); and unjust

12   enrichment (Claim 15).

13       IT IS SO ORDERED.

14                                        _____

15                                        Hon. Manuel L. Real

16   Dated: August 30, 2011               Judge, United States District Court

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

[PROPOSED] ORDER DISMISSING PLAINTIFFS' FIRST
AMENDED COMPLAINT                          - 4 -                CASE NO. SACV11-00336-R-RZX